IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────

UNITED STATES OF AMERICA

       v.                                  24-CR-6018-EAW

KERVIN C. DRISCOLL,

               Defendant.

───────────────────────────────────────

## PLEA AGREEMENT

The defendant, KERVIN C. DRISCOLL, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and to plead guilty to a two-count Information which charges:

    a.    In Count 1, a violation of Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute, and distribute, 5 kilograms or more of cocaine and 50 grams or more of actual methamphetamine), for which the mandatory minimum term of imprisonment is 15 years and the maximum possible sentence is a term of imprisonment of life, a fine of $20,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 10 years and up to life; and

    b.    In Count 2, a violation of Title 18, United States Code, Section 922(g)(1) (felon in possession of firearms), for which the maximum possible sentence is a term of imprisonment of 15 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years.

c.  The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.  The defendant understands that, prior to the entry of the guilty pleas, the government will file an information pursuant to Title 21, United States Code, Section 851 alleging the defendant's prior serious violent felony conviction as the basis for the imposition of the enhanced penalties provided for in Title 21, United States Code, Section 841(b)(1)(A). The defendant admits that the defendant has a prior serious violent felony conviction for a violation of New York Penal Law §§ 110/120.10(1) [Attempted Assault in the First Degree], which subjects the defendant to the enhanced penalties provided for in Title 21, United States Code, Section 841(b)(1)(A).

3.  The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 7 years, without credit for time previously served on supervised release.

## II.   ELEMENTS AND FACTUAL BASIS

4.  The defendant understands the nature of the offenses set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

### Count 1 – 21 U.S.C. § 846

First, that an agreement existed between two or more persons to commit a controlled substance felony offense, to wit, to possess with intent to distribute, and to distribute, a controlled substance;

Second, that the defendant knew of the existence of the agreement;

Third, that the defendant intended to participate in the unlawful agreement; and

Fourth, that at least 5 kilograms of a mixture and substance containing cocaine or at least 50 grams of a methamphetamine (actual) was reasonably foreseeable to the defendant as being within the scope of the agreement.

### Count 2 – 18 U.S.C. § 922(g)(1)

First, that the defendant knowingly possessed a firearm and/or ammunition, as charged in Count 2 of the Information;

Second, at the time the defendant possessed a firearm and/or ammunition, the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year;

Third, at the time the defendant possessed a firearm and/or ammunition, the defendant knew that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and

Fourth, that the possession of a firearm and/or ammunition was in or affecting commerce.

### FACTUAL BASIS

5. The defendant and the government agree to the following facts, which form the basis for the entry of the pleas of guilty including relevant conduct:

   a. On March 23, 2007, in County Court, Chemung County, New York, the defendant, KERVIN C. DRISCOLL, was convicted of Attempted Assault in the First Degree, for which he was sentenced to 42 months' imprisonment. The defendant admits that he knew that he had a prior felony conviction, and the fact that the conviction was punishable by a term of imprisonment exceeding one year, at the time he possessed the firearms and ammunition described in subparagraphs 5(d)(i) and (ii) below.

3

b. Between in or about February 2023, and on or about July 26, 2023, in Chemung County, in the Western District of New York, and elsewhere, the defendant, KERVIN C. DRISCOLL, did knowingly and intentionally combine, conspire, and agree with Terrance Jackson, Jeffrey Brownell, Rechelle Brooks, and others known and unknown, to possess with intent to distribute, and distribute, 5 kilograms or more of cocaine, and 50 grams or more of methamphetamine (actual), both Scheduled II controlled substances. The defendant admits the purpose of the conspiracy was to sell cocaine and methamphetamine for profit.

c. In furtherance of the conspiracy, the defendant obtained kilogram quantities of cocaine from a supplier in New York City that the defendant processed, packaged, and distributed to others. The defendant also obtained large quantities of methamphetamine that he broke down and distributed in smaller quantities. The defendant sold cocaine and methamphetamine to customers in the City of Elmira and surrounding areas. The defendant sold, and supervised Terrance Jackson in the selling of methamphetamine and cocaine at 1021 Oak Street in the City of Elmira, which the defendant maintained for the purpose of storing, processing, and selling narcotics. The defendant also directed Jackson to pick up narcotics from the defendant's girlfriend Rechelle Brooks at 150 Harriet Street, Apartment 12 B in the City of Elmira, where the defendant stored and processed narcotics, and possessed a firearm. The defendant also directed Brooks to provide narcotics to Jackson on occasion and utilized Jackson to facilitate third party purchases of narcotics. The defendant admits that he and Jackson possessed firearms during the conspiracy.

d. On July 26, 2023, law enforcement executed search warrants at multiple locations in the City of Elmira utilized by members of the conspiracy, including 1021 Oak Street (drug house), 150 Harriet Street, Apartment 12B (the residence of the defendant's girlfriend Rechelle Brooks), and 320 Orchard Street (the defendant's residence).

   i. At 1021 Oak Street, law enforcement seized one (1) Kel-Tec P-11, 9mm semi-automatic handgun, bearing serial number AA0331, loaded with 10 rounds of live ammunition; numerous rounds of .22, .32, and 9mm caliber ammunition; 182.4 grams of methamphetamine (actual); 137.156 grams of cocaine base; 1.718 grams of cocaine; four (4) digital scales; and new/unused plastic baggies for packaging narcotics for street sale.

   ii. At 150 Harriet Street, Apartment 12B, law enforcement seized one (1) kilogram of cocaine; one (1) Phoenix Arms/HP25A, ACP .25 caliber semi-automatic handgun bearing serial number 4409155, loaded with 10 rounds of ammunition; multiple cell phones; and a digital scale.

4

        iii.    At 320 Orchard Street, law enforcement seized approximately $3,105 in U.S. currency; a money counting machine; two digital scales; six (6) cell phones; and a key ring with a key that unlocked the door lock at 1021 Oak Street, a key that unlocked the deadbolt at 1021 Oak Street, and a key that unlocked 150 Harriet Street, Apartment 12B.

    e.    The defendant admits that he knowingly possessed the firearms, rounds of ammunition, cocaine, cocaine base, and methamphetamine described above in subparagraphs 5(d)(i) and (ii), and that the cocaine, cocaine base, and methamphetamine were possessed with intent to distribute.

    f.    The firearms and rounds of ammunition possessed by the defendant at 1021 Oak Street and 150 Harriet Street, Apartment 12B and described above in subparagraphs 5(d)(i) and (ii) were manufactured outside the State of New York and, therefore, had previously traveled in and affected interstate commerce. As a result, the defendant's possession of the firearms and ammunition was in and affecting commerce.

    g.    For purposes of this plea agreement only, the parties agree that, based on the Drug Conversion Tables of the Sentencing Guidelines, the amounts of methamphetamine, cocaine base, and cocaine involved in the defendant's relevant conduct encompassed in Count 1 of the Information which could be readily proven by the government against the defendant are the equivalent of at least 3,000 kilograms but less than 10,000 kilograms of Converted Drug Weight.

## III.   SENTENCING GUIDELINES

6.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

7.    The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(4) apply to the offenses of conviction and provide for a base offense level of 32.

5

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

8. The government and the defendant agree that the following specific offense characteristics do apply:

   a. the two-level increase pursuant to Guidelines § 2D1.1(b)(1) (possession of dangerous weapon); and

   b. the two-level increase pursuant to Guidelines § 2D1.1(b)(12) (maintaining premises to manufacture or distribute a controlled substance); and

   c. the two-level increase pursuant to Guidelines § 2D1.1(b)(16)(A) (use of affection to involve another).

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

9. The government and the defendant agree that the following adjustment to the base offense level does apply:

   a. the two-level increase of Guidelines § 3B1.1(c) (aggravating role in offense).

## ADJUSTED OFFENSE LEVEL

10. Based on ¶¶ 7 through 9 of this agreement, and Guidelines § 3D1.2(c), it is the understanding of the government and the defendant that the defendant's combined adjusted offense level is 40.

## ACCEPTANCE OF RESPONSIBILITY

11. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 37.

## CRIMINAL HISTORY CATEGORY

12.  It is the understanding of the government and the defendant that the defendant's criminal history category is IV. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

13.  It is the understanding of the government and the defendant that, with a total offense level of **37** and criminal history category of **IV**, and taking into account the applicable statutory minimum penalties, the defendant's sentencing range would be a term of imprisonment of **292 to 365 months**, a fine of **$40,000 to $20,000,000**, and a period of supervised release of **10 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

14.  The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The defendant, however, reserves the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

15.  The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

16. In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

17. In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V. REMOVAL

18. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

19. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offenses charged, the circumstances surrounding the charge and the defendant's criminal history;

8

    b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment;

    d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

    e.    oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

20.    At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 23-MJ-4055.

21.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.    APPEAL RIGHTS

22.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a sentence of imprisonment of **292 to 365 months**, a fine of **$40,000 to $20,000,000**, and a period of supervised release of **10 years**, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

9

23. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

24. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a sentence of imprisonment of **292 to 365 months**, a fine of **$40,000 to $20,000,000**, and a period of supervised release of **10 years**, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. FORFEITURE PROVISIONS

25. As a condition of the plea, the defendant agrees to relinquish all rights, title and interest to any and all property and proceeds which are subject to forfeiture pursuant to Title 21, United States Code, Sections 853(a)(1) and (a)(2), but under the auspices of the Elmira Police Department. That property includes, but is not limited to, the following:

   a. The sum of three thousand, one hundred and five dollars ($3,105.00) United States currency seized by law enforcement, on or about July 26, 2023, from 320 Orchard Street, Elmira, New York, to be disposed of by the policies, regulations and protocol of the Elmira Police Department in conjunction with the District Attorney's Office.

26. The defendant further acknowledges that the defendant is the owner and/or exercised dominion and control of the firearms and ammunition described below and agrees that the firearms and ammunition constitute a nuisance as provided for in New York Penal Law § 400.05. The property is described as follows:

10

    a.    one (1) Phoenix Arms/HP25A, ACP .25 caliber semi-automatic handgun, bearing serial number 4409155;

    b.    one (1) Kel-Tec P-11, 9mm semi-automatic handgun, bearing serial number AA0331;

    c.    approximately eight (8) rounds of .380 caliber ammunition;

    d.    approximately fifty-six (56) rounds of .22 caliber ammunition;

    e.    approximately three (3) rounds of .32 caliber ammunition;

    f.    approximately twenty-four (24) rounds of 9mm ammunition; and

    g.    approximately five (5) rounds of .25 caliber ammunition.

27.    The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the above referenced firearms and ammunition.

28.    The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the firearms, ammunition and currency survives and shall be given full force and effect.

29.    The defendant agrees to release and hold harmless the United States of America, and all agencies, departments, servants, employees and contractors of the United States of America from any and all civil liability arising from seizure and forfeiture of the property.

30.    The defendant agrees that for any reason, in any pleadings before the Court or any order of the Court, to include, but is not limited to, the Judgment and Commitment, if

the government fails to properly identify an item to be forfeited, fails to include any item that is forfeitable under the applicable forfeiture statute in this case or includes a clerical or technical error, the defendant will consent and not oppose any effort by the government to amend, correct or add to the description/list of items subject to forfeiture in this case. Additionally, to the extent necessary and at the discretion of the United States Attorney's Office, the defendant further agrees in the alternative, to the abandonment or civil forfeiture of any items that were excluded from the original description of items to be forfeited. Finally, if not specially identified or listed above, the defendant agrees to the abandonment of any and all cellular phones seized by law enforcement in this case.

### IX.    TOTAL AGREEMENT AND AFFIRMATIONS

31.    This plea agreement represents the total agreement between the defendant, KERVIN C. DRISCOLL, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY:  _____
ROBERT A. MARANGOLA
Assistant United States Attorney

Dated: April 25, 2024

I have read this agreement, which consists of pages 1 through 13. I have had a full opportunity to discuss this agreement with my attorney, BRIAN DECAROLIS, Esq. I agree that it represents the total agreement reached between me and the government. No promises

12

or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my pleas of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
KERVIN C. DRISCOLL
Defendant

Dated: April 25, 2024

_____
BRIAN DECAROLIS, ESQ.
Attorney for the Defendant

Dated: April 25, 2024